UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NAJIB ALI GULED,

Petitioner,

v.

JULIO HERNANDEZ, et al.,

Respondent.

CASE NO. 2:26-cv-04085-BAT

**ORDER GRANTING PETITION AND DIRECTING RELEASE**

Petitioner filed a § 2241 writ of habeas corpus requesting the Court order Respondents to release him from immigration detention and prohibit removal to a third country. Petitioner argues his due process rights have been violated because (1) he was granted bond in 2017 and redetained on September 24, 2026 without prior notice or a hearing before a neutral decisionmaker; and (2) he is subject to a year-old final order of removal and his home country, Somalia, will not accept its citizens, making his continued and prolonged detention unlaw under *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).

The parties do not dispute this Court's habeas jurisdiction to consider Petitioner's challenge to his detention. The Court **GRANTS** the petition as follows.

1. Petitioner, a citizen of Somalia, entered the country in January 2017. He claimed fear of returning and in February 2017, the U.S. Citizenship and Immigration Services found

Petitioner had established credible fear of persecution. In March, 2017, Petitioner was released on bond. In 2019 the immigration court denied Petitioner's application for relief and ordered him removed to Somalia. Petitioner appealed to the Board of Immigration Appeals (BIA) and on October 8, 2025, the Board dismissed the appeal. On September 24, 2026, Respondents arrested Petitioner without providing any notice, explanation and detained him without a hearing before a neutral decisionmaker.

2. The parties agree Petitioner is subject to an order of removal that became final on October 8, 2025 when the BIA dismissed Petitioner's appeal. Thus, Petitioner's detention is governed by 8 U.S.C. § 1231(a)(2). This statute authorizes Respondents to detain Petitioner for an initial 90-day period which begins on "[t]he date the order of removal becomes administratively final." 8 U.S.C. § 1231(a)(1)(B)(i). Once a noncitizen is subject to a final order of removal, the Department of Homeland Security (DHS) must physically remove the noncitizen from the United States within a 90-day "removal period." 8 U. S. C. § 1231(a)(1)(A). The removal period begins on the latest of three dates: (1) the date the order of removal becomes "administratively final," (2) the date of the final order of any court that entered a stay of removal, or (3) the date on which the alien is released from non-immigration detention or confinement. § 1231(a)(1)(B). *See Johnson v. Guzman Chavez*, 594 U.S. 523, 528 (2021); *Jennings v. Rodriguez*, 583 U.S. 281, 298 (2018) ("when an alien is ordered removed, the Attorney General is directed to complete removal within a period of 90 days."); *Bora v. Otay Mesa Detention Center*, 2026 WL 2100490 at * 2 (S.D. California, July 21, 2026) ("Under the § 1231(a)(1) framework, it is not disputed that Petitioner's order of removal became final on November 10, 2025, triggering the start of the 90-day detention period."); *Abdisalan v. Holder*, 774 F.3d 517, 523 (9th Cir. 2014), as amended (Jan. 6, 2015) (order of removal becomes final after appeal to

the BIA or expiration of period in which noncitizen may appeal to the BIA).

2. Respondents acknowledge the 90-day removal period during which detention is required lapsed on January 6, 2026 but incorrectly argue Petitioner is not entitled to a predeprivation notice or a hearing before a neutral decision maker. Dkt. __ at 5-6. When Petitioner was arrested, he was not subject to mandatory detention under 8 U.S.C. § 1231(a)(2)(A) because the 90-day removal period had long lapsed. As the removal period had lapsed, Petitioner was subject to discretionary detention under § 1231(a)(6) which states the Attorney General “may” detain noncitizens beyond the 90-day removal period who have been determined “to be a risk to the community or unlikely to comply with the order of removal” or release the individual under terms of supervision. *See e.g. Arzate v. Andrews*, 2025 WL 2411010 at * 3 (E.D. California, Aug. 10, 2025) (“after that 90-day removal period concludes—in what is referred to as the “post-removal period”—the government’s detention authority shifts to § 1231(a)(6).”).

3. When Petitioner was arrested, he was living in the community pursuant to the bond the immigration judge has issued in 2017. Respondents do not dispute Petitioner’s contention that since his release, he has appeared as requested, obtained a work permit and has been employed, and was arrested while he was working. Under these circumstances, the due process clause prohibits Respondents from redetaining Petitioner without first notice and a hearing in which Respondents must show he is a flight risk or danger to the community. *See Id.* at 4. The Court finds Petitioner possesses a liberty interest and evaluates the procedural protection to which was entitled under *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976) factors. The first factor favors Petitioner as he has a substantial liberty interest in remaining free from detention. The second factor, risk of erroneous deprivation, favor Petitioner as has lived in the

community for nine years, was employed and there is no indication of criminal activity. The third factor, the government's interest in continuing to detain Petitioner, is low. An immigration judge ordered bond and there is no indication Petitioner will flee or obstruct any removal effort.

4. Petitioner also requests an order barring Respondents from redetaining him unless the Government he is given a predetention notice and a hearing at which time Respondents must show by clear and convincing evidence he is a flight risk or a danger to the community. The Court grants this request for equitable relief as Petitioner meets the standard for injunctive relief, *see Roman v. Wolf*, 977 F.3d 935, 941–42 (9th Cir. 2020), adopting the analysis articulated in *THAN DINH LE, Petitioner(s), v. PAMELA BONDI, et al., Respondent(s). Additional Party Names: Dep't of Homeland Sec., Immigr. & Customs Enf't,* No. C25-2454-KKE, 2026 WL 309239, at *6 (W.D. Wash. Feb. 5, 2026).

5. Finally, Petitioner seeks prospective injunctive relief barring removal to a third country. The Court agrees with Respondents that the current record does not support a finding that irreparable injury is likely, and Petitioner is thus entitled to permanent injunctive relief barring removal to a third country. *See eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006) (discussing standard for permanent injunctive relief). Respondents have not indicated they seek third country removal and Petitioner's final order of removal designates his home country of Somalia. However, the Court finds Respondents' current third-country removal policy does not accord with due process or the INA. "[B]oth the due process clause and the governing statute place the burden on the government—regardless of whether the country of deportation is designated during or after the removal hearing—to provide a meaningful opportunity to be heard on asylum and withholding claims." *Aden v. Nielsen*, 409 F. Supp. 3d 998, 1010 (W.D. Wash. 2019) (citing *Torres-Aguilar v. INS*, 246 F.3d 1267, 1270 (9th Cir. 2001) and 8 U.S.C.

§ 1231(b)). Thus, this Court directs Respondents that if government intends to seek remove Petitioner to a third country, due process requires, among other things, "written notice of the country being designated" and "the statutory basis for the designation, i.e., the applicable subsection of § 1231(b)(2)." *Aden*, 409 F. Supp. 3d at 1019; *see Arenado-Borges v. Bondi*, 2025 WL 3687518 (W.D. Wash. Dec. 19, 2025), at *6–7 (collecting cases and requiring the government to provide notice and a meaningful opportunity to respond in the event of third-country removal).

For the foregoing reasons, the Court **ORDERS:**

1. The petition for writ of habeas corpus is **GRANTED**. Dkt. 1. Respondents shall **RELEASE** Petitioner on the same conditions as previously ordered by the immigration judge within **24 HOURS** of entry of this order and file a status report certifying he has been released within **48 HOURS** of entry of this order. Respondents shall return to Petitioner any property taken.

2. Respondents and their respective officers, agents, employees, attorneys, and other persons acting on their behalf are prohibited from redetaining Petitioner unless and until he is provided with adequate notice and a hearing before an immigration court at which time Respondents shall bear the burden to show by clear and convincing evidence that Petitioner is a danger to the community or a flight risk.

3. In the event Respondents seek to remove Petitioner to a third country, Respondents shall first provide him written notice of the proposed country of removal and a reasonable opportunity, before removal, to consult counsel and to seek relief from this Court.

4. Petitioner may file a motion for an award of fees and expenses under the Equal Access to Justice Act within the time required by statute.

DATED this 12th day of November, 2026.

BRIAN A. TSUCHIDA
United States Magistrate Judge